UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL EVANS, et al.,
on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.                                                        Case No: 8:23-cv-01042-KKM-AAS

INTERTAPE POLYMER CORP.,

      Defendant.
_____

## ORDER

Plaintiff Daniel Evans moves for preliminary approval of a settlement to resolve the claims in this action against Defendant Intertape Polymer Corp. Third Mot. for Prelim. Approval (Third MPA) (Doc. 45). Because the settlement developed before the Fair Labor Standards Act (FLSA) collective action and the Rule 23 class were certified, Evans also requests a preliminary certification for settlement purposes and approval of the proposed notice to claimants. Evans requests a fairness hearing to consider the settlement after claimants have received notice and had the opportunity to opt in to the collective action, opt out of the class, and object to the settlement. Finally, Evans requests a preliminary

injunction to prevent any parallel litigation. I grant the entirety of the motion other than the request for a preliminary injunction.

## I.    BACKGROUND

Daniel Evans sues his employer, Intertape Polymer Corporation, for alleged violations of the FLSA and for unjust enrichment. Am. Compl. (Doc. 6) ¶¶ 64–85. Evans alleges that Intertape failed to correctly calculate the regular rate of pay for purposes of determining an employee's overtime pay and unlawfully rounded employees' time. *See, e.g.*, *id.* ¶¶ 25–27, 36–39. Evans alleges that the rounding policy, in each workweek in which he worked forty hours or more, resulted in a deprivation of overtime wages, in violation of the FLSA. *Id.* ¶ 39. In each workweek in which Evans worked less than forty hours, he alleges that the rounding policy deprived him of straight time wages, otherwise known as "gap time." *Id.* ¶ 40.

Evans seeks to certify his FLSA claims as an opt-in collective action under 29 U.S.C. § 216(b). *Id.* ¶¶ 48–54. He also seeks under Federal Rule of Civil Procedure 23 to certify an opt-out class action to cover any remaining claims. *Id.* ¶¶ 55–63. Over the course of the litigation, sixteen other Intertape employees consented to join the proposed collective action. (Docs. 29, 33–35).

Evans has moved three times for preliminary approval of a settlement purporting to settle his claims as well as the certification of a class. The first two motions were denied

without prejudice on the basis that the proposed settlement agreements "fail[ed] to respect claimants' procedural rights under the FLSA." (Doc. 44) at 2; (Doc. 41). This order concerns Evans's third motion.

## II.    LEGAL STANDARDS

### A. FLSA Collective Action Settlements

I start with the requirements for a FLSA collective action. "No employee" shall be a party plaintiff to a FLSA collective action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). In other words, "an employee must consent in writing in order to be considered a party to the action," which means an "FLSA collective action" is an "opt-in" action. *Calderone v. Scott*, 838 F.3d 1101, 1103–04 (11th Cir. 2016). "To maintain an opt-in collective action under § 216(b), plaintiffs must demonstrate that they are 'similarly situated,' " *id.* at 1104 (quoting § 216(b)), which is not a "particularly stringent" standard at the certification stage, *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1214 (11th Cir. 2001) (per curiam). "[O]pt-in plaintiffs 'need show only that their positions are similar, not identical, to the positions held by the putative class members.' " *Calderone*, 838 F.3d at 1104 (quoting *Hipp*, 252 F.3d at 1217).

A district court reviews a FLSA collective action settlement for substantive fairness. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). A

reviewing court must determine that a proposed settlement is a "fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Id.* at 1355.

## B. Rule 23 Class Action Settlements

A "Rule 23(b)(3) class action requires plaintiffs to 'opt out' if they do not wish to be bound by the court's judgment." *Calderone*, 838 F.3d at 1102; *see Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (per curiam) (explaining that class members in a Rule 23(b)(3) "are bound by the judgment, whether favorable or unfavorable, unless they affirmatively 'opt out' of the suit").

The certification requirements for a Rule 23 class action are "more demanding" than the requirements for a FLSA collective action. *Calderone*, 838 F.3d at 1104. "[E]very putative class first must satisfy the prerequisites of 'numerosity, commonality, typicality, and adequacy of representation.' " *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (quoting FED. R. CIV. P. 23(a)). Also, proposed classes like Evans's must meet Rule 23(b)(3)'s predominance and superiority requirements. *See id.*; FED. R. CIV. P. 23(b)(3).

Rule 23(e) requires that federal courts approve the proposed settlements of claims possessed by a certified class, as well as claims possessed by a "class proposed to be certified for purposes of settlement." FED. R. CIV. P. 23(e). A court may approve the settlement only if "it is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). "Preliminary approval

4

is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-cv-60646, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010).

### C. Combination FLSA/Rule 23 Settlements

Although the Eleventh Circuit has recognized that a FLSA collective action is "a fundamentally different creature" than a Rule 23(b)(3) class action, *Cameron-Grant*, 347 F.3d at 1249, it has concluded that a "§ 216(b) collective action and a state-law Rule 23(b)(3) class action may be maintained in the same proceeding," *Calderone*, 838 F.3d at 1107. In such a proceeding, potential participants must be afforded the opportunity "to make two binary choices: (1) decide whether to opt in and participate in the federal action; (2) decide whether to opt out and not participate in the state-law claims." *Id.* (quoting *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 978 (7th Cir. 2011)). This can be accomplished through separate notices or a combined notice. *Id.*

### III.    ANALYSIS

I start with the proposed settlement agreement's compliance with the Eleventh Circuit's decision in *Calderone* before addressing Evans's requests for certification of a class and collective action and preliminarily approval of the proposed settlement. In addition, I address appointment of class counsel and a settlement administrator; timing for any motion

for attorney's fees and expenses; the sufficiency of the notice to claimants; claimants' opportunity to object, opt-out, or opt-in; timing for the motion for final approval of the settlement; timing for a final fairness hearing; and Evans's request for a preliminary injunction.

## A. Compliance with *Calderone*'s Notice Requirements

The proposed settlement agreement provides separate notices for the FLSA collective action and the Rule 23(b)(3) class action. The proposed settlement agreement makes clear that a claimant who fails to timely return a signed opt-in form will not be a participating collective action member and will not release his FLSA claims. Proposed Settlement Agreement and Exhibits (PSA) (Doc. 45-1) at 14.[1] It also makes clear that a claimant will not be a participating Rule 23 class member and will not release his Rule 23 state-law claims if he timely returns a signed opt-out form. *Id.*

Further, the attached "Notice of Class and Collective Action" informs a claimant that "[b]y default operation of law, you are currently participating in the Rule 23 portion

---

[1] The proposed settlement agreement provides that a claimant who timely returns both a FLSA opt-in form and a Rule 23 opt-out form will "release their FLSA claims." PSA at 14; *see also id.* at 29–31. Elsewhere in the proposed settlement agreement, the release is described to encompass "all claims, demands, rights, liabilities, penalties, fees, and causes of action that were or could have been alleged based on the facts alleged in the Action (whether in tort, contract, statute, or otherwise) from May 11, 2020, through May 6, 2024, whichever occurs first, including claims based on the alleged failure to pay all wages owed, including minimum, straight, and overtime wages due to alleged time-rounding practices, failure to calculate the regular rate of pay, and liquidated penalties, interest, attorneys' fees, costs, injunctive relief, restitution, and any other equitable relief under the Federal Labor Standards Act." *Id.* at 10. Consistent with representations made elsewhere in the proposed settlement agreement, I read this waiver to encompass only FLSA claims. Therefore, by opting into the FLSA collective action, a claimant does not waive any claims that arise from other sources of law, including state law.

of this Settlement, and you are not participating in the FLSA portion of this Settlement." *Id.* at 29 (emphasis omitted). The notice states that a claimant will receive the full dollar amount of the settlement only if he "opt[s] into the FLSA portion of this Settlement" and does "not opt out of the Rule 23 portion of this Settlement." *Id.* at 29, 32. The notice provides claimants with instructions about how to opt in to the FLSA collective action and opt out of Rule 23 class action. *Id.* at 29–31. And the notice clarifies that a claimant will release his FLSA claims only if he signs and returns the FLSA opt-in form. *Id.* at 31.

The parties also attach both the "opt-out" and "opt-in" forms. The former instructs a claimant to "ONLY SIGN AND MAIL THIS DOCUMENT IF YOU WISH TO EXCLUDE YOURSELF FROM THE RULE 23 PORTION OF THIS SETTLEMENT," and informs a claimant that, "IF YOU EXCLUDE YOURSELF, YOU WILL NOT RECEIVE A PAYMENT FROM THE RULE 23 PORTION OF THIS SETTLEMENT." *Id.* at 35. The latter instructs a claimant to "ONLY SIGN AND MAIL THIS DOCUMENT IF YOU WISH TO INCLUDE YOURSELF IN THE FLSA PORTION OF THIS SETTLEMENT," and informs a claimant that, "IF YOU DO NOT INCLUDE YOURSELF, YOU WILL NOT RECEIVE A PAYMENT FROM THE FLSA PORTION OF THIS SETTLEMENT." *Id.* at 37.

Taken together, the parties' proposed settlement agreement satisfies *Calderone*'s requirements for a dual-track settlement. Any claimant must follow the instructions

7

provided by the "Notice of Class and Collective Action" if he wishes to receive a portion of the settlement fund.

### B. Class Certification

Before approving a settlement of claims possessed by a proposed class, a reviewing court must determine whether the proposed class meets the requirements imposed by Rule 23. The usual Rule 23 standards govern certification of a class solely for purposes of settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620–21 (1997). To certify a class, the proposed class must satisfy the criteria set out in Rule 23(a) and at least one subsection of Rule 23(b). *See Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997). The Eleventh Circuit has said that a reviewing court must also conclude that a named representative has standing to sue, *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000), and that the class is "adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)). Evans, whom I designate as class representative, has standing to sue and the proposed class—"all current and former hourly employees who worked for Defendant at any time during the Class Period, which is from May 11, 2020, through May 6, 2024"—is adequately defined and clearly ascertainable. PSA at 4. I therefore move to the Rule 23 criteria.

1.  Rule 23(a) Requirements

Rule 23(a) requires that each proposed class must satisfy the prerequisites of "numerosity, commonality, typicality, and adequacy of representation." The proposed class meets Rule 23(a)'s four requirements. Rule 23(a)(1) requires a district court to find that "the class is so numerous that joinder of all members is impracticable." Generally, "less than twenty-one is inadequate [and] more than forty [is] adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). The proposed class here—totaling 3,876 members—easily clears this threshold. Second Mot. for Prelim. Approval (Second MPA) (Doc. 43) at 20.

Rule 23(a)(2) requires "questions of law or fact common to the class." As Evans explains, Defendant's contested pay practice at the root of the Rule 23 state-law claim was "applied to each Class Member, and would be the basis for the jury to decide liability." Second MPA at 23. Because "there are no unique or individual pay practices that would be tested if each Class Member were to go to trial," the commonality requirement is met. *Id.*

Next is Rule 23(a)(3)'s typicality requirement, which requires a court to find that "the claims or defenses" of the representative party "are typical of the claims or defenses of the class." "[T]ypicality measures whether a sufficient nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003) (per curiam) (alteration in the original) (quoting *Prado*, 221 F.3d at

1279). The typicality requirement is met here because Evans, the class representative, "was paid wages under the same pay practice[] as all other Class Members." Second MPA at 23.

Finally, Rule 23(a)(4) allows a court to certify a class only if it finds that "the representative parties will fairly and adequately protect the interests of the class." To determine whether this requirement is met, I must ask "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1275 (11th Cir. 2021) (quoting *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)). No such conflict appears between Evans and other class members, and class counsel are experienced in cases like this one, meaning that they will adequately prosecute the action. (Docs. 43-5 & 43-6). Therefore, the adequacy requirement is met.

   2.  Rule 23(b)(3) Requirements

Next, under Rule 23(b)(3), I must find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The predominance requirement is "far more demanding" than Rule 23(a)(2)'s commonality requirement. *Amchem Prods., Inc.*, 521 U.S. at 624.

"Common issues of fact and law predominate if they 'have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) (alteration adopted) (quoting *Ingram v. Coca–Cola Co.,* 200 F.R.D. 685, 699 (N.D. Ga. 2001)), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). If "after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims," then common issues do not predominate. *Id.* The predominance element is met in this case because the legality of the defendant's rounding policy is central to each class member's claims. In other words, "significant questions concerning ultimate liability," *Vega*, 564 F.3d at 1274, would not remain after the legality of the defendant's rounding policy is determined.

As for superiority, it follows from the predominance finding that the certification of a class action for settlement purposes "is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3); *see Klay*, 382 F.3d at 1269 ("[T]he more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims."). Among other things, the "class action mechanism offers substantial economies of time, effort, and expense for the litigants in this matter," each of whom were allegedly injured by

11

the same payment practices. *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 700 (S.D. Fla. 2004). Therefore, I am convinced that a class action is superior to other available methods of adjudicating the legality of the defendant's actions.

Because the requirements of Rule 23(a) and 23(b)(3) are satisfied, the Court conditionally certifies, for settlement purposes only, the following settlement class under Rule 23(c): "[A]ll current and former hourly employees who worked for Defendant at any time during the Class Period, which is from May 11, 2020, through May 6, 2024."

### C. Preliminary Approval under Rule 23(e)

After review of the proposed settlement agreement, I find that it is fair, reasonable, adequate, and within the range of reasonableness for preliminarily approval. *See* FED. R. CIV. P. 23(e); *In re Checking Acct. Overdraft Litig.*, 275 F.R.D. 654, 661 (S.D. Fla. 2011). I also find that the proposed settlement agreement resulted from extensive arm's length negations, including a day-long mediation, and is sufficient to warrant notice of the settlement to persons in the settlement class and a full hearing on the approval of the settlement. I therefore preliminarily approve the parties' settlement agreement.

### D. Preliminary Certification of the FLSA Collective Action

"For an opt-in class to be created under § 216(b), a named plaintiff must be suing on behalf of himself and other 'similarly situated' employees." *Hipp*, 252 F.3d at 1217 (quoting 29 U.S.C. § 216(b)). Opt-in plaintiffs must show that "their positions are similar,

12

not identical, to the positions held by the putative class members." *Id.* (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). Because the defendant applied the same contested pay practices with respect to each potential opt-in plaintiff, Evans is suing on behalf of "similarly situated" employees. *See* Second MPA at 23 (explaining that "the same practices—be they proper or improper—were applied to each Class Member, and would be the basis for the jury to decide liability").

I may approve the settlement of a FLSA suit if the settlement reflects "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Having reviewed the proposed settlement agreement, the motions for approval, and the record, I find that the proposed settlement agreement meets the *Lynn's Food Stores* standard.

### E.  Appointment of Class Counsel under Rule 23(g)

Based on the considerations in Rule 23(g) and the declarations the plaintiff's counsel submitted, *see* (Docs. 43-5 & 43-6), the Court appoints Sommers Schwartz, P.C., and Melmed Law Group, P.C., as class counsel for the settlement class.

### F.  Appointment of Settlement Administrator

I appoint Atticus Administration, LLC, as Settlement Administrator.

### G. Initial Motion for Fees and Expenses

Under Rule 23(h), the Court directs class counsel to file a motion for attorney's fees and expenses no later than thirty (30) days after the class notice is mailed to class members.

### H. Sufficiency of Class Notice

As discussed above, the parties' class notice proposal, as identified in the proposed settlement agreement, satisfies all applicable requirements of law. "[U]nder the circumstances," the class notice proposal is "the best notice that is practicable." FED. R. CIV. P. 23(c)(2)(B); *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–74 (1974).

### I.  Opt-Outs, Opt-Ins, and Objections

Claimants may opt-out of the Rule 23 class, object to the settlement, or opt-in to the FLSA collective action only under the procedures and schedule included in the proposed settlement agreement and this order. Any written objection to the settlement must be submitted to the settlement administrator no more than forty-five (45) days after the class notice is mailed by the settlement administrator to the class member. The objection period will be extended fifteen (15) days for any class member whose class notice is returned and re-mailed. No later than sixty (60) days after the class notice is mailed, any class member wishing to object to the certification of the class and the proposed settlement agreement must file with the Court a written objection and notice of the objector's

intention to appear. To be heard at the final approval hearing, any objector must otherwise comply with the proposed settlement agreement and this order.

### J.  Motion for Final Approval of Settlement

Under Rule 23(e), the Court directs the parties to file a joint motion for final approval of the settlement and responses to any objections at least fourteen days prior to the final hearing, so no later than **March 4, 2025**.

### K.  Final Approval Hearing

The final hearing to determine whether the settlement is fair, reasonable, and adequate is set for **March 18, 2025, at 10:00 a.m.** in Courtroom 13B, United States Courthouse for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida, 33602. *See* FED. R. CIV. P. 23(e)(2).

### L.  Preliminary Injunction Request

Evans moves for an order, pending the final hearing, "enjoining Plaintiffs and Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action in any forum asserting any of the Released Claims." Third MPA at 12–13. At this juncture, Evans fails to support this request for an "extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *cf. Holman v. Student Loan Xpress, Inc.*, No. 8:08-CV-305-T23MAP, 2009 WL 4015573, at *6 (M.D. Fla. Nov. 19, 2009) (finding a preliminary injunction was "necessary to preserve [the] court's jurisdiction to

administer and enter final judgment on the proposed settlement agreement" when the defendant "faces several actions" and a "high probability exists that additional actions will be filed"). I therefore decline to enter a preliminary injunction.

## IV.  CONCLUSION

For the foregoing reasons, I certify the proposed class action and collective action and preliminary approve the proposed settlement.

Therefore, as provided above, the following is **ORDERED:**

1.  The Court appoints Sommers Schwartz, P.C., and Melmed Law Group, P.C., as Class Counsel for the settlement class and designates Daniel Evans as the representative of the class.

2.  The Court appoints Atticus Administration, LLC, as Settlement Administrator.

3.  The Court directs Class Counsel to provide notice to class members in compliance with the proposed settlement agreement and Federal Rule of Civil Procedure 23(c).

4.  Under Rule 23(h), the Court directs Class Counsel to file a motion for attorney's fees and expenses no later than thirty (30) days after the class notice is mailed to class members.

5.      Putative members of the settlement class may opt-out of the Rule 23 class, object to the settlement, or opt-in to the FLSA collective action only under the procedures and schedule included in the proposed settlement agreement and this order.

6.      The Court directs the parties to file a joint motion for final approval of the settlement and responses to any objections at least fourteen days prior to the final hearing, so no later than **March 4, 2025.**

7.      The Court will hold a fairness hearing on **March 18, 2025**, at **10:00 a.m.** in Courtroom 13B, United States Courthouse for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida, 33602.

8.      All proceedings are stayed other than those necessary to carry out or enforce the terms and conditions of the proposed settlement agreement and this order.

9.      Evans's request for a preliminary injunction is **DENIED**.

**ORDERED** in Tampa, Florida, on November 20, 2024.


Kathryn Kimball Mizelle
United States District Judge