UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**DANIEL EVANS,** individually, and
on behalf of others similarly situated,

        Plaintiffs,

vs.

**INTERTAPE POLYMER CORP.**,
a Delaware corporation

        Defendant.

Case No. 8:23-cv-01042

Hon. Kathryn Kimball Mizelle

---

### JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT UNDER 29 U.S.C. § 216(b), APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL, AND CERTIFICATION OF RULE 23 SETTLEMENT CLASS

The parties jointly move this court for final approval of their settlement agreement ("Settlement") Fair Labor Standards Act, 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 and this court's Order (ECF No. 49). *See* **Exhibit 1**, Settlement Agreement. The Settlement was preliminarily approved by the court already (ECF No. 46).

This motion is based on all the files, records, and proceedings herein, and is supported by the accompanying memorandum of law; declaration from the settlement administrator (**Exhibit 2**) and related briefing as to preliminary approval, attorneys' fees and expenses, including all exhibits.

The parties request the Court enter an order specifically:

(a) Finding that the requirements of Fed. R. Civ. P 23(a) and (b)(3) are satisfied, appointing Daniel Evans as the representative of the Class and Sommers Schwartz, P.C. and Melmed Law Group P.C. as Class Counsel, and grant final approval of the Settlement;

(b) Determining that the requirements of Fed. R. Civ. P 23(e)(1)-(5) have

1

been complied with as to all legal requirements, including but not limited to the Due Process Clause of the United States Constitution and Fed. R. Civ. P. 23;

(c)  Provide that all Class Members will be bound by the Final Order and Judgment dismissing the Action with prejudice unless such Class Members timely filed valid written requests for exclusion in accordance with this Settlement Agreement and the Class Notice;

(d)  Directing the Parties, pursuant to the terms and conditions of this Settlement Agreement, to take all necessary and appropriate steps to implement and complete the Settlement Agreement, including the Parties' plan of allocation for purposes of allocating the Net Settlement Fund;

(e)  Finding that the Settlement is a fair and reasonable compromise of a *bone fide* wage dispute deserving of Court approval as a collective action pursuant to 29 U.S.C. § 216(b);

(f)  Award class counsel their requested fees and expenses; and

(g)  Dismiss this action with prejudice by way of Final Order and Judgment.

Dated: April 4, 2025                                              Respectfully submitted,

*/s/Jason J. Thompson*
Jason J. Thompson (P47184)
**SOMMERS SCHWARTZ, P.C.**
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com

Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849) (CA SBN 314805)

**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

Bradley W. Butcher
**BUTCHER & ASSOCIATES, P.L.**
Florida Bar No. 0020045
6830 Porto Fino Circle, Suite 2
Fort Myers, Florida 33912
(239) 322-1650
Facsimile: (239) 322-1663
bwb@b-a-law.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**DANIEL EVANS,** individually, and
on behalf of others similarly situated,

        Plaintiffs,

vs.

**INTERTAPE POLYMER CORP.**,
a Delaware corporation

        Defendant.

Case No. 8:23-cv-01042

Hon. Kathryn Kimball Mizelle

---

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT UNDER 29 U.S.C. § 216(b), APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL, AND <u>CERTIFICATION OF RULE 23 SETTLEMENT CLASS</u>**

# **TABLE OF CONTENTS**

**FACTS** ..................................................................................................................................1

**ARGUMENT** .......................................................................................................................3

    I.     Notice to Class Members Was Completed and No Objections Were Received ...3

    II.    The Estimate Settlement Awards Support Final Approval of the Parties Settlement.......................................................................................................3

    III.   The Requested Fee Comports with Fees Awarded in Similar Cases and Expenses Were Reasonable and Incurred in this Matter .................................4

    IV.   The Settlement, as Confirmed by the Reaction by Class Members, Meets the Test for Reasonable and Fairness ...................................................................5

        A.   The existence of fraud or collusion behind the settlement ..................................6

        B.   The complexity, expense, and likely duration of the litigation ...........................7

        C.   The stage of the proceedings and the amount of discovery completed ...............7

        D.   The probability of Plaintiffs' success on the merits ...........................................7

        E.   The range of possible recovery .......................................................................7

        F.   The opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement ..........................................................7

    V.    The Criteria for a Rule 23(b)(3) Class Are Satisfied.........................................8

**CONCLUSION** ...............................................................................................................**9**

## **TABLE OF AUTHORITIES**

*Bennett v. Behring Corp.*
   737 F.2d 982 (11th Cir. 1984) .................................................................................. 5, 6

*Calderone v Scott*
   838 F.3d 1101 (11th Cir. 2016) .................................................................................... 9

*Cotton v. Hinton*
   559 F.2d 1326 (5th Cir. 1977) .................................................................................. 6, 7

*George v. Acad. Mortg. Corp.*
   369 F. Supp. 3d 1356 (N.D. Ga. 2019) ........................................................................ 4

*Heaven v. Trust Co. Bank*
   118 F.3d 735 (11th Cir. 1997) ....................................................................................... 8

*In re Managed Care Litig.*
   209 F.R.D. 678 (S.D. Fla. 2002) .................................................................................. 8

*In re U.S. Oil & Gas Litig.*
   967 F.2d 489 (11th Cir. 1992) ....................................................................................... 5

*Leverso v. South Trust Bank of Ala. Nat. Ass'n*
   18 F.3d 1527 (11th Cir. 1994) ....................................................................................... 6

*Lynn's Food Stores, Inc.* v. U.S.
   679 F.2d 1350 (11th Cir. 1982) ..................................................................................... 5

*Moultry v. Cemex, Inc.*
   2008 WL 1743484, 2008 U.S. Dist. LEXIS 126176 (M.D. Fla. 2008) ........................... 4

*Murchison v. Grand Cypress Hotel Corp.*
   13 F.3d 1483 (11th Cir. 1994) ....................................................................................... 5

*Pettway v. American Cast Iron Pipe Company*
   494 F.2d 211 (5th Cir. 1974) ......................................................................................... 6

*Ponzio v. Pinon*
   87 F.4th 487 (11th Cir. 2023) .................................................................................... 5, 6

*United States v. United States Steel Corporation*
   520 F.2d 1043 (5th Cir. 1975) ................................................................................... 5, 6

*Vega v. T-Mobile USA, Inc.*
   564 F.3d 1256 (11th Cir. 2009) ..................................................................................... 8

**Statutes**

29 U.S.C. § 216(b) ................................................................................................. 1, 2

# Rules

Fed. R. Civ. P. 23 .................................................................................................... Passim
Fed. R. Civ. P 23(a) and (b)(3) ....................................................................................... 1
Fed. R. Civ. P 23(e)(1)-(5) .............................................................................................. 2
Rule 23(a) ....................................................................................................................... 8
Rule 23(a) and of (b)(3) ................................................................................................. 8
Rule 23(b)(3) ..................................................................................................... 1, 2, 8, 9
Rule 23(e) .............................................................................................................. 6, 8, 9
Rule 23(e)(2) .................................................................................................................. 6

## **FACTS**

In the litigation, Plaintiff asserted claims against Defendant for violations of the Fair Labor Standards Act ("FLSA") and state law claims for unjust enrichment, alleging that Defendant failed to pay proper wages to its hourly employees for all hours worked. Specifically, Plaintiff claimed that: (1) Defendant did not properly calculate the regular rate of pay for purposes of overtime; and (2) Defendant unlawfully rounded employees' time such that the employees were not paid all other wages owed.

As in all regular rate cases, the employer's alleged violation was not in failing to pay overtime, but rather, in paying overtime at the *wrong* hourly rate. Specifically, Plaintiff alleged that Defendant regularly paid its employees various shift premiums but failed to include those shift premiums into the employees' regular rate of pay when calculating overtime pay, thus resulting in the underpayment of overtime in violation of the FLSA.

Defendant filed its Answer to the First Amended Complaint, fully denying the claims and allegations therein. (ECF No. 19). Defendant denied Plaintiffs wage claims, both on legal grounds and as a matter of fact, including contesting the viability of this action as a class action, common law unjust enrichment and as a violation of the FLSA.

Plaintiff, therefore, faced challenges to the merits of the alleged violations, applicability of the substantive law and application of the § 216(b) and Rule 23 certification process. Plaintiff counsel firms specialize in these cases, the lawyers in this case regularly prosecute these cases and they were prepared to dedicate years of time, expense and work towards proving their case. Defendants are represented by lawyers and firms no less qualified, prepared and dedicated to their obligations.

As outlined in prior motions for preliminary approval, the parties explored the details and scope of Plaintiff's allegations over the course of several months, held meet and confers, exchanged data and consulted with experts on damage models. Subsequently, the Parties agreed to schedule and participate in a mediation of the claims asserted in the case with experienced class action mediator, David Phillips.

For purposes of this settlement only, Defendant stipulated to certification under Fed. R. Civ. P. 23(b)(3) and final certification of a collective under Section 216(b) of the FLSA of an opt-out class, defined as all current and former hourly employees who worked for Defendant at any time during the Class Period.

The parties submitted three motions for preliminary approval to the court. *See* ECF No's 40, 43, and 45.  The submissions, and corresponding Orders denying preliminary approval, resolved several aspects of the Settlement that the court found unreasonable or improper, including converting opt-in FLSA claims under 216(b) into opt-out claims in a Rule 23 class action; lack of clear notice and separate forms for class members to exercise their right to opt in to the FLSA portion of the Settlement while also excluding themselves from the Rule 23 portion; removing the incentive award for named plaintiff; and use of a reversionary *cy prey*.  In subsequent submissions, the parties eventually resolved each vice and ultimately crossed the preliminary approval line. *See*, ECF No's. 41, 44 and 46.

Pursuant to this court's order of preliminary approval (ECF No. 46), class notice was issued, and responses were received by the Settlement Administrator.  Final approval of the $2,500,000 settlement is warranted under the law, and the present evidentiary record is more than adequate for the Court to consider the fairness, reasonableness, and adequacy of the settlement, including the evidence and opinions of Class Counsel and a

2

leading class action settlement administration company, Atticus Administration LLC, who administered the Settlement notice program.

## ARGUMENT

### I. Notice to Class Members Was Completed and No Objections Were Received

A declaration on behalf of the court approved settlement administrator, Atticus Administration LLC, by Bryn Bridley, Vice President of Business Development at Atticus Administration, LLC ("Atticus") is attached as Exhibit 2. In addition, the Project Coordinator on this case, Ms. Emily Aaland has overseen the administration of class notice, receipt of opt out and claim forms and communicated the results to the parties throughout the process. For purpose of the court's review for final fairness and approval, the pertinent details as to the class notice program are as follows:

- 4,131 or 96.81% of the Class Notices were successfully mailed. *Id.* at ¶¶ 4-7.

- 24 class members exercised their right to exclude themselves from the Rule 23 portion of the settlement. *Id.* at ¶¶ 8-9.

- Zero objections were received. *Id.* at ¶ 9.

- 1,139 total Opt-In Forms were received for the FLSA portion of the settlement. Of the forms received, 1,083 were deemed valid for FLSA Settlement Payments and 56 were deemed invalid. Of the invalid Opt-In Forms, 30 were duplicate submissions from Class Members with valid Opt-Ins on record, 25 contained untimely postmarks, and one (1) was received from a non-Class Member. *Id.* at ¶ 10.

### II. The Estimated Settlement Awards Support Final Approval of the Parties Settlement

The Settlement's terms are detailed in the Agreement. *See* Exhibit 1. The parties' settlement was a "hybrid" settlement, meaning it included an FLSA portion and a Rule 23 class portion (for state law claims). The estimated pre-tax Class Member payments were

3

calculated using a Net Settlement Amount of $1,638,516.66, of which 80% or $1,310,813.33 was designated to the FLSA portion of the Settlement and 20% or $327,703.33 was designated to the Rule 23 portion. *Id.* at ¶ 12. A pro-rata calculation based on the number of workweeks each Class Member worked during the Class Period was applied, and an approximate pre-tax Class Member payment was included in the Class Notice, which ranged from $0.63 to $920.44. *Id.* Once the Court issues its final ruling on the settlement, including fees and costs, a final calculation will be made, and a final benefit payment for each class member will then be possible. *Id.* at ¶ 13.

### III. The Requested Fee Comports with Fees Awarded in Similar Cases and Expenses Were Reasonable and Incurred in this Matter

The parties' settlement agreement includes payment of attorney fees and expenses from the common benefit fund made available for class members. Pursuant to the Courts Order (ECF No. 49) a motion for fees and expenses was filed on January 30th (ECF No. 50). The fee sought here, 1/3 of the common benefit fund, is in line with fees typically awarded in similar cases. See *George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1382 (N.D. Ga. 2019) (extensive list of cases cited therein); *Moultry v. Cemex, Inc.*, No. 8:07-cv-00453-MSS, 2008 WL 1743484, 2008 U.S. Dist. LEXIS 126176 (M.D. Fla. 2008) (awarding 32.25% of common fund as attorneys' fees).

Since the preliminary approval order, Plaintiff Counsels' fee and expense request has now been publicly available for over 2 months for all interested to read and consider. No objections to the requested fee and expense award were received to date. *See* Exhibit A, at ¶ 9.

### IV. The Settlement, as Confirmed by the Reaction by Class Members, Meets the Test for Reasonable and Fairness

Consistent with all federal courts, the 11th Circuit favors a policy and presumption in favor of class settlements.

> Our "judgment" in reviewing the district court's approval of the settlement agreement is further "informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). *See also In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits."); William B. Rubenstein, 4 Newberg on Class Actions § 13:44 (6th ed. 2022) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.").

*Ponzio v. Pinon*, 87 F.4th 487, 493–94 (11th Cir. 2023); *see, Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources."). This includes wage dispute cases. *see*, *Lynn's Food Stores, Inc.* v. U.S., 679 F.2d 1350, 1354 (11th Cir. 1982). A review of the leading cases from this Circuit involving litigation of employment discrimination in class actions profitably shows the length of time and expense which must be incurred before the dust of combat has finally settled. Cotton, supra at 1331 (citing *United States v. United States Steel Corporation*, 520 F.2d 1043 (5th Cir. 1975); *Pettway v. American Cast Iron Pipe Company*, 494 F.2d 211 (5th Cir. 1974).

In determining the fairness, adequacy and reasonableness of the proposed compromise, the inquiry should focus upon the terms of the settlement. *Cotton*, *supra* at 1330. The details of the settlement have been briefed three times as a result of the preliminary approval process, and thus, no doubt well understood by this Court. This

5

includes ensuring the class received adequate notice, meaning that they had the opportunity to be heard, and were reasonably informed of their rights.

The final approval requirements for this class settlement are set forth in Rule 23(e)(2). *See also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Ponzio v. Pinion*, 87 F.4th 487, 494–95 (11th Cir. 2023) (explaining that, although the Rule 23(e)(2) factors "provide the primary considerations in evaluating proposed agreements," "the Bennett factors can, where appropriate, complement those core concerns"). The Eleventh Circuit has identified six factors to be considered in analyzing the fairness, reasonableness, and adequacy of a class settlement under Rule 23(e):

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

*Leverso v. SouthTrust Bank of Ala. Nat. Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Nevertheless, courts should presume a settlement is fair and reasonable. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). The analysis of these factors lead the court to grant preliminary approval, and nothing has occurred during the notice phase to alter the assessment that the parties settlement is fair, adequate, and reasonable.

### A. The existence of fraud or collusion behind the settlement

There is no evidence that the settlement was born of fraud or collusion. Both sides are represented by lawyers and firms with sterling reputations and extensive records of fighting for their clients' rights. They have continued to work diligently together and with Atticus Administration during the notice phase to make minor adjustment to the process

and protect the veracity of the settlement. This includes allowing a handful of late claims. And zero class members have complained nor are there any reports to the contrary.

### B.   The complexity, expense, and likely duration of the litigation

Class action cases are notoriously long lived, expensive and impose significant burdens on the parties and court system. A fuller description of the contested issues was presented in the parties' motions for preliminary approval. See ECF No's 40, 43, and 45. This settlement avoids all that, while achieving a reasonable and compromised resolution of a bona fide wage dispute.

### C.   The stage of the proceedings and the amount of discovery completed

The parties outlined their discovery efforts and evaluation, with experts, in prior motions *Id.*

### D.   The probability of Plaintiffs' success on the merits

This element is embedded in the above two, and once again, was fully briefed during the preliminary approval stage.

### E.   The range of possible recovery

This element was fully briefed during the preliminary approval stage. The expected recovery for each class member is based on their number of work weeks, which is a rational and reasonable method of allocation. The expected amounts, as outlined by Atticus Administration, is within ranges commonly found in similar cases, $.50 to $920.44.

### F.   The opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

There are no objectors, and a typical acceptance rate by class members. The settlement offered payment to **all** hourly employees during the class period and thus was

7

expansive in its availability. Counsel for both sides re-affirm their position that settlement should be approved, and furthermore, the response from class members does nothing to change their mind, nor present any contrary picture for the court.

## V.      The Criteria for a Rule 23(b)(3) Class Are Satisfied

Final certification of a Rule 23(b)(3) class settlement requires that the elements of Rule 23(a) and of (b)(3) are met. Fed. R. Civ. P. 23(e); *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir. 1997). To confirm the court's earlier findings, numerosity is met because the class numbers in the thousands. Commonality and typicality are met because each class member shared the exact same legal burdens for the wage claims being prosecuted by the named plaintiff. And adequacy exists because the named representative and their counsel acted diligently and are free from conflicts with the class. Thus, Rule 23(a) elements are all met. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009).

Rule 23(b)(3) requires, in addition to the Rule 23(a) elements, that the court finds predominance and superiority are met Fed. R. Civ. P. 23(b)(3). Predominance is met in this case because all the contested issues of fact and law turn on the same company practices and policies, which is a telltale sign that predominance element is met. The efficiency of resolving the current wage claim in a class context is evident. *In re Managed Care Litig.*, 209 F.R.D. 678, 696 (S.D. Fla. 2002), *aff'd in part, rev'd in part and remanded sub nom* (finding predominance is met when plaintiffs' claims are based on a common scheme and demonstrated by the evidence).

Lastly, resolving the thousands of similar wage claims in one fell swoop makes sense and is the most efficient use of the parties and court's time. All class members have received the court approved notice and were afforded ample time to exercise their choice

8

to join, exclude themselves, or pick which of two benefits to accept *Calderone v Scott*, 838 F.3d 1101, 1103-04 (11th Cir. 2016).  In addition, Defendant has agreed to allow the 27 late opt-in notices, thus only confirming the superior method of resolving the disputed wage claim that was realized in this settlement and avoiding 27 new lawsuits.

No conflicts or other Rule 23 infirmities have been uncovered or voiced during the notice phase.  The court can now grant final class certification based on the record establishing the criteria of Rule 23 (b)(3) being met.

## CONCLUSION

The Settlement, as Confirmed by the Reaction by Class Members, Meets the Test for Reasonable and Fairness under Rule 23.  For all the reasons mentioned above, the standards for Rule 23(e) fairness are met and the Rule 23 portion of the settlement deserves final approval. Likewise, the settlement meets the Lynn's Foods test for approval.   The parties have complied with the notice plan, no objections have been received, and class members have successfully elected to join, or not, as they prefer, the two class benefit pools.

Dated: April 4, 2025                                              Respectfully submitted,

*/s/ Jason J. Thompson*
Jason J. Thompson (P47184)
**SOMMERS SCHWARTZ, P.C.**
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com

Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

9

<div style="margin-left:50%">

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849) (CA SBN 314805)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

Bradley W. Butcher
**BUTCHER & ASSOCIATES, P.L.**
Florida Bar No. 0020045
6830 Porto Fino Circle, Suite 2
Fort Myers, Florida 33912
(239) 322-1650
Facsimile: (239) 322-1663
bwb@b-a-law.com

*Counsel for Plaintiff*

</div>