UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL EVANS,
individually and on behalf of all others similarly situated,

    Plaintiffs,

v.                                               Case No. 8:23-cv-1042-KKM-AAS

INTERTAPE POLYMER CORP.,

    Defendant.
_____

## ORDER

The parties jointly move for final approval of their proposed settlement agreement, which includes a Fair Labor Standards Act (FLSA) collective action and a Rule 23 class action. Mot. for Final Approval (Mot.) (Doc. 53). Class counsel move unopposed for attorney's fees and costs. Mot. for Attorney's Fees (MAF) (Doc. 52). After considering the record, the motions, and the arguments presented at the fairness hearing, I grant in part the motion for final approval and grant the motion for attorney's fees and costs.

## I. BACKGROUND

Daniel Evans, individually and on behalf of those similarly situated, sues his employer, Intertape Polymer Corporation, for alleged violations of the FLSA and for unjust enrichment. Am. Compl. (Doc. 6) ¶¶ 64–85. Evans alleges that Intertape failed to correctly calculate the regular rate of pay for purposes of determining an employee's overtime pay and unlawfully rounded employees' time. *See, e.g., id.* ¶¶ 25–27, 36–39. Evans alleges that the rounding policy, in each workweek in which he worked forty hours or more, resulted in a deprivation of overtime wages, in violation of the FLSA. *Id.* ¶ 39. In each workweek in which Evans worked less than forty hours, he alleges that the rounding policy deprived him of straight time wages, otherwise known as "gap time." *Id.* ¶ 40.

After mediation, the parties reached a settlement of the FLSA and unjust enrichment claims. Proposed Settlement Agreement (PSA) (Doc. 55-1) at 3. Under the proposed settlement agreement, Intertape must pay $2,500,000. *Id.* § 2. A third of this amount will be allocated for attorney's fees and costs, and the rest, $1,666,666.67, will be allocated for settlement payments. *Id.* § 5(a). Eighty percent of the $1,666,666.67 will be allocated for settling FLSA claims and twenty percent for settling unjust enrichment (or Rule 23) claims. *Id.* § 5(b)(3).

I preliminarily approved the settlement and conditionally certified a Rule 23 class action and FLSA collective action. (Doc. 46). I directed the parties to provide notice to the potential class and collective action members of their right to object, opt into the FLSA collective action, and opt out of the Rule 23 class action. *Id.* On January 31, 2025, the Settlement Administrator sent by first class mail the class notice to all members of the settlement class. Bridley Decl. (Doc. 53-2) ¶ 6. The settlement administrator successfully mailed 4,131, or 96.81%, of the class notices. *Id.* ¶ 7.

Proposed class members had until March 17, 2025, to opt out of the Rule 23 settlement, opt into the FLSA collective action, and return a written objection to the settlement. Bridley Decl. ¶ 8. Twenty-five class members opted out of the Rule 23 portion of the settlement and no class member objected. *Id.* ¶ 9. 1,111 current or former employees validly opted into the FLSA collective action. *Id.* ¶ 10.

At the completion of the notice period, the parties moved for final approval of the settlement and class counsel moved for attorney's fees and costs. (Docs. 52, 53). On April 23, 2025, I held a fairness hearing to consider the motions. (Doc. 54). Class members were informed of the opportunity to attend the hearing. None chose to do so.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 23(e) requires federal courts to approve settlements for class actions. FED. R. CIV. P. 23(e). A court may approve the settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). A court may also award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h).

As for an FLSA collective action, a federal court must determine that a proposed settlement is "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1355 (11th Cir. 1982). When a court awards judgment to an FLSA plaintiff, the court must also "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## III.  ANALYSIS

The parties move for approval of the proposed settlement agreement and class counsel move for attorney's fees. (Docs. 52, 53). I start with the proposed settlement agreement and then move to the request for attorney's fees.

### A. Preliminary Matters

Before proceeding to the merits of the proposed settlement agreement, I address jurisdiction, class certification, and notice.

Because the FLSA claim arises under federal law and the unjust enrichment claim arises from the same operative facts, I have federal question and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a); *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012) (per curiam). I also have personal jurisdiction over Evans, the noticed class members, and Intertape Polymer. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). Finally, Evans and the class members have standing to pursue their FLSA and Rule 23 claims. *See Tyler v. Hennepin County*, 598 U.S. 631, 636 (2023) (explaining that a "classic pocketbook injury" suffices to give a plaintiff standing); Bridley Decl. ¶ 12 ("[T]he approximate pre-tax Class Member payments included in the Class Notice ranged from $0.63 to $920.44.").

Next, the prior order conditionally certifying the proposed settlement class satisfies the requirements of Rule 23(a) and Rule 23(b)(3). The class is defined as "[a]ll current and former hourly employees who worked for Defendant at any time during the Class Period, which is from May 11, 2020, through May 6, 2024." (Doc.

46) at 12. The prior order's preliminary certification of the FLSA collective action is also adequate: because the defendant applied the same contested pay practices with respect to each potential opt-in plaintiff, Evans is suing on behalf of "similarly situated" employees. 29 U.S.C. § 216(b); (Doc. 46) at 13. I therefore certify the Rule 23(b)(3) class and the collective action.

Finally, the parties complied with the notice program enumerated in the proposed settlement. According to the settlement administrator, class notices were successfully mailed to 4,131 class members. Bridley Decl. ¶ 7. The notice provided class members with sufficient information to make an informed decision on whether to object, opt out of the Rule 23 settlement, or opt into the FLSA collective action. *See Shutts*, 472 U.S. at 812–13; (Doc. 53-2) at 8–13. It also informed them of the date of the fairness hearing and their right to attend. (Doc. 53-2) at 8, 12. Thus, the parties provided the best practical notice under the circumstances. *See* FED. R. CIV. P. 23(c)(2); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

### B. Final Settlement Approval

The settlement of the state law claims is governed by Federal Rule of Civil Procedure 23(e)(2) and the settlement of the FLSA claims by the Eleventh Circuit's decision in *Lynn's Food*.

1. Settlement of the Class Action under Rule 23(e)(2)

Under Rule 23(e)(2), a court must consider four factors: (A) whether the class representative and counsel adequately represented the class; (B) whether "the proposal was negotiated at arm's length"; (C) whether the class-wide relief is adequate, considering: (i) "the costs, risks, and delay of trial and appeal"; (ii) the proposed method of distributing relief; (iii) the proposed award of attorney's fees; and (iv) "any agreement required to be identified under Rule 23(e)(3)"; and (D) whether "the proposal treats class members equitably relative to each other." FED. R. CIV. P. 23(e)(2). These "four concerns" provide the "primary considerations in evaluating proposed agreements," and Eleventh Circuit precedent provides additional complementary considerations. *Ponzio v. Pinon*, 87 F.4th 487, 495 (11th Cir. 2023). These additional factors are "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

After review, I conclude that the proposed agreement is fair, reasonable, and adequate. As for the Rule 23(e)(2) factors, Evans and the class counsel have adequately represented the class, *see* MAF at 7–12 (documenting the time and labor expended by class counsel), and the parties negotiated the proposed settlement at arm's length, *see* PSA at 3. Also, the proposed settlement affords adequate and equitable class-wide relief. The expected recovery for each class member turns on "their number of work weeks," Mot. at 12, and the settlement amount—$2,500,000—represents over half the projected amount of Intertape's exposure, *see* (Doc. 40) at 27.

Like the Rule 23(e)(2) factors, the *Bennett* factors cut in favor of approval. Most importantly, the proposed settlement is the product of mediation, not "fraud or collusion." 737 F.2d at 986. Also, only twenty-five class members opted out and no one objected. Bridley Decl. ¶ 9. This lack of opposition "points to the reasonableness of [the] proposed settlement and supports its approval." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005). Finally, after engaging in discovery, the plaintiffs settled their claims—which implicated a "number of disputed factual and legal issues"—for over half of their projected worth

8

and avoided the complexities of class action litigation by doing so. (Doc. 40) at 27, 29. All of this supports the proposed settlement.

### 2. Settlement of the FLSA Collective Action under *Lynn's Food*

In reviewing an FLSA settlement, the Court must determine whether the proposed settlement "is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. The parties' filings reveal a bona dispute concerning the legality of the defendant's payment practices, *see* (Doc. 40) at 17, 26–28, and the resolution is both internally and externally fair and reasonable, *see Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). Courts in this circuit rely on a version of the *Bennett* factors in adjudging the internal fairness,[1] and those factors cut in favor of approval here. Further, there are no apparent "external factors"—such as "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region, or the requirement for a mature record and a pointed determination of the governing factual or legal issue

---

[1] *See Dees*, 706 F. Supp. 2d at 1241 (relying on "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel" (quoting *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-CV-1419ORLJGG, 2007 WL 1017577, at *3 (M.D. Fla. Apr. 2, 2007))).

to further the development of the law either in general or in an industry or in a workplace"—that cut against settlement. *Id.* at 1244.

The only issue is that, in section 15 of the proposed agreement, the parties provide that "[t]his Agreement, including any attachments, may not be changed, altered, or modified, except in a writing signed by the Parties and their counsel." PSA § 15. This provision could be read to allow the parties to circumvent the judicial approval process by altering the agreement post-approval. *See Dumas v. 1 ABLE REALTY, LLC*, No. 617CV765ORL37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018). Therefore, I will strike that provision. With that one caveat, I approve the FLSA settlement.

### C. Attorney's Fees

Class counsel seek an award of $808,549.65 in attorney's fees, which is almost a third of the settlement fund. MAF at 1. This requested award is 3.296 times higher than class counsel's combined total lodestar of $247,942.90. Thompson Decl. (Doc. 52-1) ¶¶ 36–37. Courts in this circuit have approved percentage fee awards in both Rule 23 and FLSA cases, including cases in which class counsel seek an award totaling a third of the settlement fund. *See, e.g., Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("[I]n this circuit, attorneys' fees

awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."); *George v. Acad. Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1382 (N.D. Ga. 2019) ("Courts within this Circuit have awarded attorney's fees of approximately one-third of a common fund in FLSA and wage and hour cases.") (collecting cases). In the light of this trend, I grant class counsel's motion.

### D. Costs

Class counsel also request $24,783.68 in litigation expenses. MAF at 27; *see* FED. R. CIV. P. 23(h); 29 U.S.C. § 216(b).[2] This includes expert fees, mediation fees, and targeted marketing. Thompson Decl. ¶ 47; Doc. (52-2) ¶ 15. These costs are reasonable, and therefore I grant class counsel's request. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1299 (11th Cir. 1999).

## IV. CONCLUSION

Upon review of the record, the motions, and the argument presented at the hearing and with the above modification, I conclude that the settlement is fair,

---

[2] Elsewhere in the motion, class counsel request $24,633.68 in costs. *See* MAF at 1. Upon review, $24,783.68 is the correct figure, as, when combined with the requested attorney's fees award, the cumulative amount is the $833,333.33 requested by class counsel.

adequate, and reasonable. I also conclude that the requested attorney's fees and costs are warranted in this case.

Accordingly, the following is **ORDERED:**

1. The Joint Motion for Final Approval (Doc. 53) is **GRANTED** subject to the one caveat above. I strike the first sentence of section 15 of the proposed settlement agreement. The settlement is otherwise approved, and the parties are directed to implement the settlement according to its terms and conditions.

2. The Motion for Attorney's Fees and Costs (Doc. 52) is **GRANTED**. Class counsel is awarded $833,333.33 in attorney's fees and costs.

3. The case is **DISMISSED WITH PREJUDICE,** and the Clerk is directed to enter judgment that shall read "Judgment is entered in accord with the Settlement Agreement. All Rule 23 class members who received notice and did not opt out are bound. All FLSA collective action members who opted in are bound." The Clerk must also terminate any pending deadlines and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 5, 2025.

Kathryn Kimball Mizelle
United States District Judge